# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3502

_____

William Blankenship, Jr.

*Plaintiff - Appellant*

v.

USA Truck, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: June 17, 2013
Filed: June 27, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

William Blankenship, Jr., appeals several rulings following the adverse final judgment in his diversity action against USA Truck, Inc. (USA Truck) for breach of an Agent Agreement. We affirm.

USA Truck and Blankenship entered into the Agent Agreement in June 2001. The agreement granted Blankenship a commission on revenue from certain customers and provided  that USA Truck would not haul freight for those customers for 18 months if it exercised its right to terminate the agreement.  USA Truck terminated the agreement in October 2003. In 2006 USA Truck's Director of Sales informed Blankenship that USA Truck had violated the agreement by hauling an average of two loads a week for one of those customers.  Blankenship entered into a settlement agreement to release his claims against USA Truck in exchange for $85,000. Blankenship asserted in this action that he later learned USA Truck had actually been hauling 10-15 loads a day for the customer and that the company's false representation caused him to settle the claim for less than it was worth.  His action was originally dismissed based on the release, but this court remanded, holding that the settlement agreement's no-reliance clause was not an absolute bar to a fraud claim under Arkansas law.  See Blankenship v. USA Truck, Inc., 601 F.3d 852, 853-55, 859-60 (8th Cir. 2010).

On remand, the district court[1] conducted a three-day trial, during which the jury found in favor of USA Truck, specifically finding that it did not fraudulently induce Blankenship to release his claim.  The court entered judgment for USA Truck and ultimately granted its request for attorneys' fees and costs in the amount of $209,007.75.

Blankenship first argues that the district court[2] erred during pretrial discovery in allowing USA Truck to assert attorney-client privilege regarding discoverable information, especially because USA Truck called in-house counsel Rodney Mills as

---

[1]The Honorable P. K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

[2]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

a witness at trial. We find no abuse of discretion in this ruling, as USA Truck properly asserted the privilege and did not waive it by deciding to have Mills testify about his non-privileged conversations with Blankenship. See Fed. R. Evid. 501 (state law of privilege applies); Ark. R. Evid. 502(b) (client, including corporation, has privilege to refuse to disclose confidential communications made to facilitate rendition of legal services to client); Ahlberg v. Chrysler Corp., 481 F.3d 630, 637 (8th Cir. 2007) (standard of review); cf. United States v. Davis, 583 F.3d 1081, 1090 (8th Cir. 2009) (voluntary disclosure of attorney-client communications waives privilege as to any information directly related to that which was actually disclosed). We also hold that allowing Mills to testify at trial was not an abuse of discretion. See Nemmers v. Ford Motor Co., 686 F.3d 486, 488 (8th Cir. 2012) (standard of review). Blankenship's arguments as to the discovery of other information are not properly before us as they were not raised below. See Engel v. Rapid City Sch. Dist., 506 F.3d 1118, 1128 (8th Cir. 2007). We note that Blankenship received, several months before trial, the March 2, 2006 email which he discusses, and that he introduced it at trial.

We will not address Blankenship's next argument regarding the adverse grant of partial summary judgment on his claims that USA Truck breached the Agent Agreement as to certain customers. The jury determined that the settlement agreement was valid to bar his breach-of-contract claims, and thus the ruling is irrelevant.

We find no reversible error in the award of attorneys' fees and costs to USA Truck. See Roemmich v. Eagle Eye Dev., 526 F.3d 343, 354-55 (8th Cir. 2008) (legal issues related to award are reviewed de novo and actual award is reviewed for abuse of discretion). While Blankenship argues that he did not have sufficient information to meaningfully challenge the fee request, he did not file formal objections opposing the amount of the award to the extent possible after the court informed him that he would receive only a summary of the fees, and he did not file

-3-

a formal motion for further documentation.  <u>See</u> D. Ark. R. 54.1 (objections to fees must be filed within 14 days after service of request; respondent may, by counter-affidavit, controvert factual matters or assert factual matters bearing on award); <u>Great Plains Real Estate Dev. v. Union Cent. Life Ins. Co.</u>, 536 F.3d 939, 946 (8th Cir. 2008) (affirming award of attorneys' fees where party opposing award did not adequately request leave to conduct discovery and make adversary submissions under federal and local rules).

      The judgment is affirmed.

_____